**RONG ZHENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–3155–ag.

United States Court of Appeals, Second Circuit.

Jan. 22, 2007.

Liu Yu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Rong Zheng, a native and citizen of the People's Republic of China, seeks review of a June 26, 2006, order of the BIA affirming the April 21, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Rong Zheng,* No. A97 954 272 (B.I.A. June 26, 2006), *aff'g* No. A97 954 272 (Immig. Ct. N.Y. City April 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we may not review Zheng's argument that his due process rights may have been violated at his hearing because of incompetent interpretation, as Zheng failed to exhaust this argument before the BIA pursuant to 8 U.S.C. § 1252(d)(1).[1] *Karaj v. Gonzales,* 462 F.3d

---

**1.** While this Court has noted that "the BIA does not have jurisdiction to adjudicate constitutional issues," *United States v. Gonzalez–Roque,* 301 F.3d 39, 48 (2d Cir.2002) (internal quotation marks omitted), the BIA can adjudicate underlying issues concerning fairness of process and statutory interpretation. *See* *Theodoropoulos v. I.N.S.,* 358 F.3d 162, 172 (2d Cir.2004). So long as the BIA can provide the possibility of relief, the petitioner must exhaust the issue. *See Theodoropoulos,* 358 F.3d at 172–73; *cf. Booth v. Churner* 532 U.S. 731, 736 & n. 4, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (suggesting that a party

113, 119 (2d Cir.2006); *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 115 n. 17 (2d Cir.2006). Accordingly, that claim is dismissed.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ In this case, the IJ properly found that Zheng failed to meet his burden of proof in establishing past persecution and a well-founded fear of persecution because he was not credible and failed to submit corroborative evidence. Significant inconsistencies in the record support the IJ's adverse credibility determination: (1) Zheng's asylum application alleges that he began practicing Falun Gong in March 2004, but he testified that he began practicing in August 2003; (2) Zheng testified on cross examination that he had been practicing Falun Gong in China for about six months, while at his airport interview he stated that he had been practicing for a month; and (3) Zheng testified on direct examination that the April 2004 Falun Gong meeting and police raid occurred on the balcony of his friend's home, while he testified on cross-examination that it occurred on the roof top, and not on the balcony. Although Zheng offered explanations for these inconsistencies, no reasonable factfinder would have been compelled to credit Zheng's explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005); *Zhou Yun Zhang*, 386 F.3d at 74.

Failure to corroborate a claim may also lead to a denial based on the insufficiency of the evidence. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). However, before denying a claim for failure to corroborate otherwise credible testimony, an IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant. *See id.* at 289–90;. In a case such as this, however, where the testimony was not otherwise credible, the IJ is not required to engage in that analysis. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 340–41 (2d Cir.2006) (explaining that this requirement of identification and availability is not required where testimony is non-credible); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004) (same).

Even though she was not required to do so, the IJ also engaged in an analysis identifying evidence she believed was missing and explaining why such evidence was reasonably available. Though these steps were unnecessary, *see Jin Shui Qiu v.*

cannot be required to exhaust a procedure from which there is no possibility of relief). Though Zheng makes a constitutional argument here, the BIA certainly had the authority to act on the subject of his complaint regarding the accuracy of the interpretation during his hearing, and, thus, it does not fit within the exception for claims over which the agency could not give any relief. *See Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003).

*Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), they provide further support for the IJ's adverse credibility finding.

Because Zheng's withholding and CAT claims depend upon the factual predicate that he failed to establish for asylum, those claims for relief also fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).